Martin, J.
delivered the opinion of the court. We are of opinion that the district court did not err in rejecting the evidence thus offered. The defendant has relied on no other plea than that of payment. This plea may give the plaintiff sufficient warning, that the defendant contends that he has received something which ought to go to the discharge or reduction of the *505 claim ; but it cannot so far put him on his guard as to induce him to come prepared to defend his general conduct, or to meet any charge, in respect to his transactions with other people.
The defendant contends that the court below erred in refusing to consider three notes which he introduced, as payment of monies in discharge of the hood, and in refusing to allow a deduction for the, excess of interest, or illegal rate of it, proven by the witness.
We cannot see on what grounds it can be ascertained or presumed, that the notes were given in part payment of the plaintiff’s claim. A note is prima facie evidence of a new debt; if its object he the payment of a former one, that circumstance must be proven.
Tne defendant having proven payment of interest at the rate of eight per cent, for four mouths, (two per cent, per month,) while the legal interest during that period, (at five per cent, a year,) is only one and two-thirds per cent.-the excess, six and one-third per cent is a payment which ought to he deducted from the principal. We cannot agree that the previous interest being presumed or proven to have been paid, must he presumed to have been so, at the rate of two per cent, per month. Neither can we think, with the plaintiff’s counsel, that *506 the defendant cannot avail himself, under the plea of payment or what, in the opinion of the counsel, is hardly available on the plea of usury. Under a plea of payment, the defendant may give evidence of any money paid by him to the plaintiff, and the court will deem it to have been paid in discharge of the debt, if the plaintiff cannot shew that he has a right to apply it otherwise.
Neither can we allow conventional interest, at any rate between five and ten per cent, a year, because conventional interest must be fixed in writing. Civ. Code, 408, art. 32.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed : and this court doth further order, adjudge and decree, that the defendant be allowed the payment of two hundred and six dollars and sixty-six cents and two-thirds-and that this sum, being deducted from three thousand one hundred dollars, the plaintiff do recover from the defendant the balance, viz. two thousand eight hundred and ninety-three dollars and thirty-nine cents and one-third, with costs in the inferior court, and interest on the said balance, at five per cent, from the institution of the suit till paid-and *507 That the plaintiff and appellee pay the costs of the appeal.